NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10015 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00221-APG-CWH-2 |
| v. | |
| SESLEY WILLIAMS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted December 21, 2018
Submission Vacated January 3, 2019
Resubmitted February 22, 2023
San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and MÁRQUEZ,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

Sesley Williams was convicted by a jury of aiding and abetting 13 robberies between December 28, 2012 and March 30, 2013. She was also convicted of five counts of aiding and abetting the brandishing of a firearm in connection with the robberies.

Williams appeals her convictions, challenging the sufficiency of the evidence used to convict her. She argues that there was insufficient evidence to support her convictions for: 1) aiding and abetting robberies on December 28 and 29, 2012 and January 3, 2013 and aiding and abetting the brandishing of a firearm in those robberies; and 2) aiding and abetting robberies in February and March 2013 and aiding and abetting brandishing a firearm in those robberies.[1]

In reviewing a sufficiency of the evidence challenge, we ask whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).[2]

---

[1] Williams raised additional issues on appeal, which she later withdrew after the district court granted her motion for compassionate release and reduced her 121-year sentence to time served. We do not address the withdrawn issues.

[2] The "plain error" standard applies because Williams did not renew her motion for a judgment of acquittal at the close of all the evidence. *See United States v. Cruz*, 554 F.3d 840, 844 (9th Cir. 2009). Where sufficiency of evidence is at issue and the evidence is, as here, patently insufficient, the requisites for finding plain error are met. *Id.* at 844–45.

1. We hold that there was insufficient evidence to convict Williams of the robberies and related gun charges from December 28 and 29, 2012 and January 3, 2013.

The only evidence that the government presented linking Williams to the first three robberies were cell phone records indicating that her cell phone communicated with cell towers in the vicinity of the robberies and that, during the time of the robberies, her cell phone communicated with Anthony Jordan's cell phone. The government did not offer any proof that Anthony Jordan was involved in these three robberies. In fact, the salesclerk working at the time of the robbery on January 3 testified that she personally knew Jordan and that he was not the person who robbed the store.

The government contended that these first three robberies followed a similar "pattern" to the later robberies, as to which Marquee Munerlyn testified that he entered the stores, while Jordan acted as lookout and Williams acted as the getaway driver. Munerlyn also testified that Williams gave him a small gray .22 pistol with a pearl handle, which Munerlyn used in some of the robberies. During all thirteen robberies, a man demanded money from a cashier and displayed a gun. During some of the robberies, witnesses testified, the man appeared to be talking on the phone via a headset or had earbuds in during the robbery. Some, but not all, of the robberies were of U.S. Banks within grocery stores.

Munerlyn was not present at the first three robberies on December 28 and 29, 2012 and January 3, 2013 because he was in custody during that time. He did not testify about those robberies.

In the December 28 robbery, a man robbed the U.S. Bank branch located in an Albertsons grocery store. The teller working there then testified that the man brandished a "dark gray or black" gun. In the December 29 robbery, a man robbed a Nautica clothing store. The sales clerk working at Nautica at the time said that the man displayed "a small silver handgun" with a handle that "looked white-ish." In the January 3 robbery, a man robbed a Michael Kors store. The sales clerk working at Michael Kors at the time testified that the man passed a note across the counter demanding money and then brandished a "very small" gun that was "flat silver" in color.

We conclude that no rational trier of fact could find beyond a reasonable doubt that Williams was involved in these three robberies based on her cell phone being in the vicinity of the robberies. Las Vegas is a large city, and mere proximity to crime is not enough to prove beyond a reasonable doubt that a person committed the crime. The "pattern" here is unremarkable, as the types of places robbed and their locations varied, as did the man who had the gun. Further, the varying descriptions of the handgun used in the three robberies is not sufficient to

4

link Williams to the firearm. We reverse the convictions associated with these three robberies.

2. Conversely, we hold that there was sufficient evidence to convict Williams of the other ten robberies. A rational trier of fact could find beyond a reasonable doubt based on Munerlyn's testimony that Williams aided and abetted Munerlyn in robbing the stores by acting as the getaway driver and aided and abetted the brandishing of a firearm in connection with those robberies by supplying Munerlyn with the gun. We affirm these convictions.

**REVERSED IN PART, AFFIRMED IN PART.**